MELVIN *v.* CHICAGO MILL & LUMBER COMPANY.

Opinion delivered November 3, 1913.

1. MASTER AND SERVANT—INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE—PEREMPTORY INSTRUCTION.—In an action against defendant for damages due to killing of defendant's servant, where there is no evidence in the record tending to show that the death of deceased was caused by any negligent act of the defendant, or its servants, it is proper to take case from the jury. (Page 38.)

2.  MASTER AND SERVANT—INJURY BY RUNNING TRAIN—PRESUMPTION.—
Where a trainman is killed in the operation of his train, there
is no presumption of negligence arising against the defendant
company, and it is error to instruct the jury that there is such
a presumption.  (Page 39.)

Appeal from Mississippi Circuit Court, Chicka-
sawba District; *W. J. Driver,* Judge; affirmed.

*Appellant pro se.*

1.   Deceased was acting under the direction and
control of a vice principal.  Kirby's Dig., § 6658; 67 Ark.
9; 70 Ark. 411; 67 Ark. 209.  And assumed no risk inci-
dent to the service he was commanded to do unless the
danger incurred was fully appreciated and was such
that no person of ordinary prudence would have under-
taken it.  26 Cyc. 1221; 71 N. E. 863; 173 Mass. 512.

Melvin was not, as a matter of law, guilty of con-
tributory negilgence.  Under the evidence it was a ques-
tion for the jury.  53 N. E. (Mass.) 900.

2.   The fact that Melvin was killed by the running
of the train made out a *prima facie* case of negligence
against the company operating it.  88 Ark. 204; 89
Ark. 308.

*Coleman, Lewis & Cunningham,* for appellee.

1.   As appears by the record, no one saw Melvin
when he was killed, no one knows how he came to his
death.  There is not a scintilla of evidence tending to
show negligence on the part of the defendant.

It could serve no good or just purpose to submit a
case to the jury under such circumstances for them to
arrive at a conclusion by conjecture and speculation.  181
Fed. 91; 179 U. S. 658; 86 Ark. 289.

2.   There is no presumption of negligence on the
part of the appellee arising from the fact of the injury
by a train.  100 Ark. 422; *Id.* 467-475.

McCULLOCH, C. J.   Appellant's intestate, Ed Mel-
vin, was employed by appellees, or one of them, to load
logs on a log train operated by the employer in Missis-
sippi County, Arkansas.  He rode back and forth to his

work on the train, and, according to evidence adduced by the plaintiff, he was called on to perform service in the operation of the train. He was killed while making a trip on the train, and this is an action instituted by the administratrix of his estate to recover damages sustained by the next of kin on account of alleged negligence on the part of other servants of the employer in operating the train.

After all of plaintiff's testimony was introduced, the court gave a peremptory instruction to the jury to return a verdict in favor of the defendants, and the plaintiff has prosecuted an appeal to this court.

The evidence tends to show that while deceased and a number of other employees engaged as log loaders were returning on the train, which was loaded with logs, deceased and another one of them started up toward the engine, the train being in motion at the time, and that the foreman of the log crew, who, it appears from some of the evidence, had charge of the men while on the train, gave deceased the switch keys, and directed him to do certain switching when they reached the next station. Deceased and his companion started on their journey toward the engine, climbing over the loaded log cars as they went. It was at night, and a short time afterward deceased's absence was discovered, and, on backing the train, his mutilated body was found on the track.

The evidence is sufficient to show that in some way deceased fell or was thrown from the train and run over by one of the cars, but there is no testimony at all tending in any degree to explain how he got under the car, whether he was thrown down by some negligent act in the operation of the train or some defect in the cars or roadbed. Negligence of the employer is alleged in allowing the roadbed to get out of repair, and there is some testimony to sustain that allegation; but there is no evidence at all that this caused or contributed to the injury.

Counsel for plaintiff insist here that the evidence was sufficient to show that deceased was killed by the train, and that this raised a presumption of negligence on the

part of the company operating the train, which was sufficient to warrant a submission of the case to the jury on the question of negligence.

They are wrong in this contention, because we have repeatedly held that, where a trainman is killed in the operation of his train there is no presumption of negligence arising against the company, and that it is error to so instruct the jury. *Graysonia-Nashville Lumber Co.* v. *Whitesell,* 100 Ark. 422. Deceased was, according to the testimony adduced by plaintiff, performing service in the operation of the train, and that brings the case within the rule announced.

There being no evidence in the record tending to show that the death of deceased was caused by any negligent act of the defendant, or their servants, the court was correct in taking the case from the jury.

Affirmed.